UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT LINZY BELLON,           )
                               )
          Petitioner,          )     2:12-cv-01639-PMP-GWF
                               )
vs.                            )     **ORDER**
                               )
                               )
DWIGHT NEVEN, *et. al.*,       )
                               )
          Respondents.         )
_____/

      Robert Bellon has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #1-1).  The petition shall be served upon respondents.  However, respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside the applicable limitations period.  The petition is likely subject to dismissal on that basis.

      The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).  The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).   Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

      According to the habeas petition, petitioner was convicted on July 3, 2006. Petitioner's direct appeal became final on October 17, 2007.  The time period for filing a federal

1  habeas petition was tolled until ninety days later, on January 15, 2008, when the conviction became
2  final. A judgment becomes final for purposes of 28 U.S.C. § 2244(d) when the period for filing a
3  petition for certiorari in the U.S. Supreme Court expires. *Shannon v. Newland*, 410 F.3d 1083, 1086
4  (9th Cir.2005). Petitions for certiorari must be filed in the U.S. Supreme Court within 90 days after
5  the supreme court of the state in which the prisoner was convicted issues its opinion or denies
6  review. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). *Harris v. Carter*, 515 F.3d 1051, 1053,
7  n. 1 (9th Cir. 2008).

8       Petitioner filed a state habeas corpus action on October 9, 2009, and review of that petition
9  concluded on June 11, 2012.  The time period between January 15, 2008, and October 9, 2009, or
10 633 days, was not tolled.  Neither was the time period between the date the state post-conviction
11 review became final on June 11, 2012 and the date the federal petition was submitted for filing on
12 September 11, 2012.  Petitioner, p. 1, item 5. *See, e.g., Campbell v. Henry*, 614 F.3d 1056, 1058–59
13 (9th Cir.2010); *Ramirez v. Yates*, 571 F.3d 993, 996 n. 1 (9th Cir.2009)(applying the prison mailbox
14 rule specifically to determine the dates of pendency of a Nevada state petition for purposes of
15 determine the amount of time tolled for purposes of federal law under § 2244(d)(2)); *Smith v.*
16 *Duncan*, 297 F.3d 809, 814 (9th Cir.2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001).
17 This period expired an additional 92 days.

18      The time period between filing the state petition and conclusion of review of the petition
19 would be tolled, except that it already expired between the time the conviction became final and the
20 time petitioner initiated his state post-conviction review.  The instant federal habeas action was
21 initiated on September 11, 2012.  The petitioner was filed 360 days beyond the one-year time
22 limitation contained in the statute.

23      Petitioner may be entitled to equitable tolling of the one-year limitations period if he can
24 establish that he diligently pursued his rights and some extraordinary circumstance made it
25 impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d
26

2

1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILED AND ELECTRONICALLY SERVE** a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this Order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the Court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that should respondents wish to address any arguments presented by petitioner, they must do so within 20 days of the filing of petitioner's response. Thereafter, petitioner shall have 15 days to file a reply.

Dated, this 15th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE