# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT BELLON,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:12-cv-01639-PMP-GWF

**ORDER**

This is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. This matter comes before the Court on the parties' responses to the Court's order to show cause why this action should not be dismissed as untimely.

**I. Procedural History**

On July 28, 2003, in the Eighth Judicial District Court for the State of Nevada, a judgment of conviction, pursuant to a jury trial, was entered against petitioner for the crime of first-degree murder with the use of a deadly weapon. (Exhibit 2).[1] Petitioner appealed. (Exhibit 3). By order filed August 11, 2005, the Nevada Supreme Court reversed the conviction and remanded for a new trial. (Exhibit 4).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 26-28.

Petitioner was retried and again, pursuant to a jury verdict, was convicted of first degree murder with the use of a deadly weapon. (Exhibit 6). An amended judgment of conviction was entered on July 3, 2006. (*Id.*). Petitioner was sentenced to life without the possibility of parole. (*Id.*). Petitioner appealed the conviction to the Nevada Supreme Court. (Exhibit 7). On October 17, 2007, the Nevada Supreme Court affirmed the conviction. (Exhibit 8). Petitioner filed a petition for rehearing, but the petition was denied by the Nevada Supreme Court on January 23, 2008. (Exhibit 10). Remittitur issued on February 19, 2008. (Exhibit 11).

On February 20, 2009, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 13). Petitioner filed an amended post-conviction habeas petition on October 9, 2009. (Exhibit 16). The state district court denied the petition in a written order filed November 9, 2010. (Exhibit 21). The state district court found that the petition was untimely under NRS 34.726(1), but nevertheless considered the merits of many of petitioners claims because it determined that petitioner had good cause to overcome the timeliness bar. The state district court also dismissed certain claims that petitioner could have raised on direct appeal after finding that petitioner had not demonstrated good cause for failing to raise those claims earlier.

Petitioner appealed the denial of his post-conviction habeas petition. (Exhibit 23). By order filed April 11, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exhibit 26). The Nevada Supreme Court agreed with the state district court's findings that the petition was untimely under NRS 34.725(1), and that certain claims that could have been raised on direct appeal were barred by NRS 34.810(1)(b), but determined that petitioner had not shown cause or prejudice to overcome the procedural bars. (*Id.*). The Nevada Supreme Court affirmed the district court's denial of the petition. (*Id.*). Petitioner filed a petition for rehearing. (Exhibit 27). The Nevada Supreme Court denied the petition for rehearing on June 13, 2012. (Exhibit 28). Remittitur issued on July 9, 2012. (Exhibit 29).

On July 18, 2012, petitioner filed a second post-conviction habeas petition in state district court. (Exhibit 30). The state district court dismissed the second post-conviction habeas petition as untimely on September 21, 2012, in an oral decision. (Exhibit 1, Court Minutes, at p. 95). Petitioner appealed. (Exhibit 33). On November 9, 2012, the Nevada Supreme Court directed the

1  state district court to enter a written judgment or order. (Exhibit 34). On November 4, 2013, the
2  state district court entered a written order denying the second post-conviction petition as untimely
3  and for failure to raise cognizable claims for relief. (Order, filed 11/4/2013).[2] On January 16, 2014,
4  the Nevada Supreme Court filed an order of affirmance. (Order, filed 1/16/2014).[3] The Nevada
5  Supreme Court ruled that the petition was untimely under NRS 34.726(1), successive, and an abuse
6  of the writ, under NRS 34.810(1)(b)(2) and NRS 34.810(2). (*Id.*). The Nevada Supreme Court
7  found that petitioner did not have good cause to excuse the filing of a successive and untimely
8  petition. (*Id.*).

9  On September 11, 2012, petitioner dispatched his *pro se* federal habeas petition to this
10 Court. (ECF No. 7, at p. 1). On January 15, 2013, this Court entered an order requiring petitioner
11 to show that the petition was timely filed or that he is entitled to equitable tolling. (ECF No. 6). On
12 January 22, 2013, this Court appointed the Federal Public Defender to represent petitioner. (ECF
13 No. 9). Through counsel, petitioner filed a response to the Court's order to show cause on
14 September 19, 2013. (ECF No. 24). Respondents filed a response on October 9, 2013. (ECF No.
15 29). Petitioner filed a reply on October 28, 2013. (ECF No. 32). The Court now considers the
16 filings presented by the parties in this action.

17 **II. Discussion**

18 **A. Federal Petition is Untimely**

19 The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes
20 controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of
21 federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute
22 provides:

23 > (d)(1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the

---

[2] This information is found on the Nevada Supreme Court's website, under Appeal No. 61913, at http://supreme.nvcourts.gov.

[3] This information is found on the Nevada Supreme Court's website, under Appeal No. 61913, at http://supreme.nvcourts.gov.

judgment of a State court. The limitation period shall run from the latest of–

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner's amended judgment of conviction was entered on July 3, 2006. (Exhibit 6). The Nevada Supreme Court's order, affirming the conviction on direct review, was filed on October 17, 2007. (Exhibit 8). Petitioner filed a petition for rehearing, but the petition was denied by the Nevada Supreme Court on January 23, 2008. (Exhibit 10). Petitioner had ninety days from that date to seek *certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final 90 days later, on April 22, 2008, at the expiration of the time period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); *see also* Nevada Supreme Court Rules, Rule 13.1 & 13.3. Petitioner then had one year, until April 22, 2009, to file the federal habeas petition, unless the time was otherwise tolled. Petitioner dispatched the federal habeas petition on September 11, 2012.[4] The federal habeas petition was filed over three years after the

---

[4] The federal petition indicates that petitioner mailed his petition on September 11, 2012. (ECF No. 7, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a

-4-

expiration of the AEDPA federal limitations period. The federal petition is untimely and must be dismissed unless petitioner is entitled to either statutory or equitable tolling.

**B. Petitioner is Not Entitled to Statutory Tolling**

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

A properly filed state post-conviction petition tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). A state post-conviction petition that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). Petitioner filed his first state post-conviction habeas petition on February 20, 2009. (Exhibit 13). Petitioner acknowledges that "if the Nevada Supreme Court dismissed Bellon's petition as untimely, his petition is not properly filed under AEDPA and he would not be entitled to tolling under § 2244(d)(2)." (ECF No. 24, at p. 9). However, petitioner asserts that "it is not clear the Nevada Supreme Court so ruled," because the order of affirmance discusses both Nevada's timeliness bar, NRS 34.726(1), and Nevada's waiver bar, NRS 34.810(1)(b). (ECF No. 24, at pp. 9-10). Petitioner invites the Court to apply the "look through" doctrine to find that his state petition

---

document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

1  should be deemed timely.  (ECF No. 24, at p. 11).  These arguments lack merit.  The Nevada
2  Supreme Court expressly held that petitioner's state habeas petition was "untimely filed" pursuant
3  to NRS 34.726(1).  (Exhibit 26, at p. 1).  The Nevada Supreme Court went on to overrule the state
4  district court's decision that petitioner had demonstrated good cause for his untimely filing, and
5  further held that petitioner failed to show prejudice.  (*Id.*, at pp. 1-3).  Thus, the state habeas petition
6  was not a "properly filed application" that would toll the AEDPA statute of limitations under 28
7  U.S.C. § 2244(d)(2).  The time period during which petitioners' first state habeas petition was
8  pending in state court is not statutorily tolled.

9        That the Nevada Supreme Court rejected certain claims on the additional ground that they
10  were barred because they could have been raised on direct appeal does not change this outcome.
11  After determining that petitioner had failed to show cause or prejudice for his late filing, the Nevada
12  Supreme Court addressed certain claims that the state district court denied as barred by NRS
13  34.810(1)(b) because the claims could have been raised on direct appeal. (Exhibit 26, at p. 5).  The
14  Nevada Supreme Court noted that the state district court correctly addressed the merits of these
15  claims for the limited purpose of determining whether petitioner could show cause and prejudice in
16  connection with the default.  (*Id.*).  ("Appellant claims that the district court erred because these
17  claims were raised within the 'paradigm' of ineffective assistance of counsel.  While the district
18  court did deny these claims as barred by NRS 34.810(1)(b), the district court then analyzed the
19  claims to determine whether trial and appellate counsel were ineffective for failing to object at trial
20  or failing to raise these claims on appeal.").  The state district court determined that petitioner had
21  not shown cause and prejudice to overcome NRS 34.810(1)(b), and the Nevada Supreme Court
22  affirmed this conclusion, ruling that the "district court correctly analyzed these claims below."
23  (*Id.*).  As the Nevada Supreme Court addressed prejudice in the context of two types state
24  procedural default in its order of affirmance, it concluded that: "[A]ppellant fails to demonstrate
25  prejudice to overcome the procedural bars, and the district court did not err in denying the petition
26  as procedurally time barred."  (*Id.*, at p. 7).  Thus, the Nevada Supreme Court's order of affirmance
27  is properly read to find petitioner's state habeas petition untimely.
28

Moreover, the Court rejects petitioner's invitation to apply the "look through" doctrine. In *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), the United States Supreme Court held that when deciding whether an unexplained order rejected a claim on the merits or dismissed it based on a state procedural default, courts must look to the last reasoned state court decision, known as the "look through" doctrine. 501 U.S. at 802-03. The Court's holding was based on a presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803. Here, however, the Nevada Supreme Court not only explained the reasons for rejecting petitioner's state habeas claims, it expressly overruled the state district court's finding that petitioner could show good cause and prejudice to overcome the timeliness bar. (Exhibit 26, at p. 2). Applying the "look through" doctrine is inappropriate when, as here, the state supreme court's decision provided adequate explanation. The Nevada Supreme Court expressly held that petitioner's state habeas petition was untimely filed. (Exhibit 26). Because the state habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2), the time period during which petitioners' first state habeas petition was pending in state court is not statutorily tolled. *See Pace v. DiGuglielmo,* 544 U.S. at 412-16.

**C. Petitioner is Not Entitled to Equitable Tolling**

Petitioner argues that he should be entitled to equitable tolling of the AEDPA statute of limitations. The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner

-7-

must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In the instant case, petitioner asserts the following facts in support of his equitable tolling argument: (1) that he retained attorney Michael Schwartz for the purpose of pursing state post-conviction habeas relief in November of 2007; (2) that he understood the importance of statutory filing deadlines in both state and federal courts; (3) that in March 2008, he provided Schwartz with a copy of a state habeas petition he had drafted; (4) that he became concerned about Schwarz's delay in filing a state habeas petition and called counsel's office to express these concerns; (5) that Schwarz or his designee led him to believe that "everything was fine" and that the state district court's granting of requests of extend the filing deadline for the state habeas petition tolled both the state and federal limitations periods; (6) that Schwarz failed to file the state habeas petition until February 20, 2009, one day after the state limitations period had expired; (7) that in June of 2012, he was housed at a Nevada prison where he could access law library materials by written request but not in person; (8) that he requested advice from the prison law clerks after the Nevada Supreme Court determined his state habeas petition to be untimely and received a packet for filing a second state habeas petition; (9) that after he regained physical access to the prison law library in August of 2012, an inmate law clerk informed him that he needed to file a federal habeas petition as soon as possible; and (10) that he subsequently completed and mailed the federal petition on September 11, 2012. (*See* Exhibit 37, Declaration of Robert Bellon; Exhibit 38, Declaration of Cheryl Bellon).

### 1. Petitioner Has Not Shown Reasonable Diligence in Pursuing his Rights

To establish eligibility for equitable tolling, a federal habeas petitioner must show that he has been pursuing his rights diligently. *Holland*, 560 U.S. at 649. The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence. *Id.* at 653. In

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance.  In this case, petitioner has not shown the required diligence, as he could have filed a "protective" petition pursuant to *Pace* at any time before the federal limitations period expired in April 2009.  Instead, petitioner waited more than three years for the final determination of the state timeliness issue before taking any action to file a federal petition.  (Exhibit 37 (Bellon states that he requested advice from prison law clerks concerning how to proceed in June 2012, after the Nevada Supreme Court denied his petition for rehearing.)).

Petitioner has not demonstrated that he had a reasonable basis for his lengthy delay in filing a federal habeas petition.  Petitioner argues that Schwarz wasted the bulk of the federal limitations period by failing to file his state habeas petition until February of 2009.  (ECF No. 24, at p. 12). However, petitioner's declaration makes clear that Schwarz was hired for the limited purpose of pursuing habeas relief in *state* court, that petitioner understood that "meeting time deadlines was important," that petitioner had completed a draft state habeas petition by March 2008 that could have served as the basis for a federal habeas petition, and that petitioner became "increasingly concerned" about Schwarz's delay before the state habeas petition was filed in February of 2009. (Exhibit 37, at p. 1; ECF No. 24, at p. 13).  Petitioner's delay in filing of a federal petition during the period that Schwarz was working on his state petition was not reasonable.  To the extent that petitioner may assert ignorance of the Supreme Court's advisement in *Pace*, such assertion would not excuse his failure to take advantage of this procedural safeguard.  *See White v. Martel*, 601 F.3d 882, 884-85 (9th Cir. 2010) (when an order finding a state habeas petition untimely was issued after *Pace* was decided, the petition was on notice both that he would not receive statutory tolling for the time while the state habeas petition was pending and that he could file a protective federal petition and seek a stay while he exhausted additional claims and his failure to do so and delay in seeking federal relief was held not to "demonstrate the diligence required for equitable tolling").

Petitioner also asserts that "to the best of my recollection, I was told, or at least lead [sic] to believe, the fact that the state court had granted Schwarz's requests for continuances in which to file

-9-

the state post-conviction petition mean that both the state and federal clocks that stopped running." (Exhibit 37, at p. 1).  However, petitioner's reliance on any such statement was unreasonable given that the scope of Schwarz's representation extended only to the state proceedings.  Even if his initial reliance on this advice was reasonable, petitioner's continued delay was unreasonable after the State asserted, on April 9, 2010, that his state habeas petition was untimely.  (Exhibit 17, at p. 9).  At least by this date, petitioner was on notice that his state petition might be adjudicated untimely and should therefore have filed his federal petition as soon as possible.  (Exhibit 37, at p. 1 ("The first I learned of any issue with my state court petition's timeliness was when the State raised the subject in their April 2010 response.")).  Petitioner took no action with respect to filing a federal habeas petition until June 2012, after the final determination on the timeliness of his state habeas petition. (Exhibit 37, at pp. 1-2).  While petitioner represents that Schwarz "continued to assure me everything was fine with my [state habeas] case," (Exhibit 37, at p. 1), and sent him letters in March 2009 and April 2011 concerning his state habeas proceeding (Exhibits 39 & 40), none of these communications provided him with a reasonable basis to believe that the *federal* limitations period was tolled or that Schwarz was pursuing federal habeas relief on his behalf.  Petitioner has failed to show that he exercised reasonable diligence in pursuing his rights.

### 2. Petitioner Has Not Shown Extraordinary Circumstances

To establish eligibility for equitable tolling, petitioner must show not only that he was pursuing his rights diligently, but that extraordinary circumstances prevented timely filing of the federal petition.  *Holland*, 560 U.S. at 649.  In *Holland*, the United States Supreme Court held that a federal habeas counsel's professional misconduct, including abandonment without notice, may "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."  *Holland*, 560 U.S. at 651.  However, a "garden variety claim of excusable neglect," such as missing a filing deadline, does not rise to the level of an extraordinary circumstance that warrants equitable tolling.  *Holland*, 560 U.S. at 651-52 (citing *Lawrence v. Florida*, 549 U.S. 372, 336).  Rather, counsel's representation must involve a sufficiently egregious misdeed such as attorney malfeasance or the failure to fulfill a basic duty of client representation.  *Id.* at 651 (collecting cases where egregious attorney conduct satisfied the extraordinary circumstances test); *see also Spitsyn v.*

*Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (summarizing instances of egregious attorney misconduct). The United States Supreme Court has held that "[a]ttorney miscalculation [of the federal limitations period] is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

Petitioner's allegations are insufficient to establish that Schwarz committed egregious misconduct constituting extraordinary circumstances. Unlike the attorney in *Holland*, the filing of a federal petition and calculation of the federal limitations period were not within the scope of Schwarz's representation. *See Holland*, 560 U.S. at 635-36 ("Florida appointed attorney Bradley Collins to represent Holland in all state and federal post-conviction proceedings."). And, assuming that Schwarz miscalculated the federal limitations period and communicated this miscalculation to petitioner, this mistake does not constitute extraordinary circumstances. *See Lawrence*, 549 U.S. at 36-37. Further, Schwarz did not abandon petitioner but continued to represent him through the conclusion of his appeal of the denial of his state habeas petition, and petitioner does not assert that Schwarz's actions were motivated by bad faith, dishonesty, or divided loyalty. As such, petitioner has alleged no more than simple negligence on the part of Schwarz, mostly in connection with petitioner's state, rather than federal, habeas proceeding, and these allegations are insufficient to warrant equitable tolling. *See Holland*, 560 U.S. at 652 (where attorney "failed to file Holland's [federal] petition on time and appears to have been unaware of the date on which the limitations period expired – two facts that, alone, might suggest simple negligence."). Petitioner has not shown that extraordinary circumstances prevented timely filing of the federal petition.

**3. Petitioner's Restricted Access to Prison Library and Related Bad Advice**

Petitioner's remaining factual allegations concern his physical access to the prison law library and advice he received from a prison law clerk. Petitioner asserts that, while he was able to request legal material and advice through written requests from June to August 2012, he did not have physical access to the prison law library during this period due to his custody status. (Exhibit 37, at p. 2). Petitioner further states that when he made a written request for advice or forms after the Nevada Supreme Court denied his petition for rehearing in June of 2012, the law clerks

-11-

responded by sending him a packet with forms for filing a second state habeas petition. (*Id.*). These alleged events occurred long after the federal limitations period expired in April of 2009, and therefore could not have caused petitioner's untimely filing of the federal petition. Petitioner's allegations concerning the prison law library are insufficient to warrant equitable tolling. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *as modified*, 447 F.3d 1165 (9th Cir. 2006) (finding "Gaston has not shown any causal connection between his self-representation on direct appeal and his inability to file a federal habeas petition" and rejecting equitable tolling argument); *see also Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000), for the proposition that a habeas petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.").

### D. Petitioner's Request for an Evidentiary Hearing is Denied

Petitioner asserts that he is entitled to an evidentiary hearing on the equitable tolling issues raised in his response. (ECF No. 24, at p. 15). A federal habeas petitioner is entitled to an evidentiary hearing when he makes "a good faith allegation that would, if true, entitle him to equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003). A district court is not required to hold an evidentiary hearing where the record is sufficiently developed or when there is evidence in the record that is dispositive of the issue. *See Roy*, 465 F.3d at 975. In the instant case, petitioner has not made allegations which, if true, would warrant equitable tolling. Petitioner has not established that he was reasonably diligent in pursuing federal habeas relief, nor that state post-conviction counsel's actions were sufficiently egregious to constitute extraordinary circumstances. Petitioner is not entitled to an evidentiary hearing. The Court has determined that the federal petition is untimely, and petitioner is not entitled to statutory or equitable tolling. The federal habeas petition must be dismissed with prejudice as untimely.

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and

request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the federal habeas petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 19th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE